7    395|
16   251|
7    395
f33  352

[No. 935.  Decided December 21, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. D. C.
MOODY, *Appellant*.

HOMICIDE — EVIDENCE — CAUSE OF DEATH — CHALLENGE TO JUROR
— IMPROPER ARGUMENT OF COUNSEL — WHEN NOT PREJUDICIAL
ERROR.

In a prosecution for murder to which the defense of justifiable
homicide is interposed, the cause of death is sufficiently proved
when the undisputed evidence shows that the defendant drew his
revolver and, while standing at a distance of not more than six feet
from the deceased, presented it directly at him and fired; that de-
ceased immediately fell to the ground and in the course of a few
minutes expired; that the defendant, when asked if he had killed
him, said he did not know, and pointed to his body then lying mo-
tionless upon the ground; and that there was fresh blood upon the
clothing over the breast.

Error of the court in refusing to allow a challenge for cause to a
juryman, thus forcing defendant to peremptorily challenge him, is
not prejudicial when defendant is not thereby compelled to exhaust
all his peremptory challenges.

Although the argument of a prosecuting attorney may go out-
side of the evidence and have a tendency to prejudice the jury
against a defendant, yet such error will not be ground for reversal
of a conviction, when the testimony offered at the trial is such that
no verdict more favorable to the defendant could reasonably be
based thereon.

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, for appellant.

*George A. Joiner*, Prosecuting Attorney, and *M. A.
Root*, for The State.

The opinion of the court was delivered by

HOYT, J.— Defendant was charged with having com-
mitted the crime of murder in the first degree, in killing
one James Warner.  The jury returned a verdict of guilty
of manslaughter, and from the judgment and sentence im-
posed therefor this appeal is prosecuted.

The first reason given by the appellant for reversal is, that there was no sufficient proof of the killing of said Warner by the appellant; but in view of the fact, as stated in appellant's brief, that the defense presented was that the killing was justified, it is evident that there was no serious question raised as to the fact that the said Warner was killed, and that such killing was at the hands of the appellant. Such being the case, it would not require a very strong showing on the part of the prosecution to authorize the jury to find that the deceased came to his death in the manner claimed by the prosecution, and the proof offered was abundantly sufficient for that purpose. The undisputed proofs showed that, in the course of a controversy between the appellant and the deceased, the appellant drew his revolver and, while standing at a distance of not more than six feet from the deceased, presented it directly at him and fired; that the deceased immediately fell to the ground and in the course of a few minutes expired; that the appellant, when asked if he had killed him, said he did not know, and pointed to his body then lying motionless upon the ground. In addition to this, the proof showed that there was fresh blood upon the clothing over the breast. In the absence of any controversy over the question as to what was the cause of the death, we think these facts warranted the jury in finding that the death was proven beyond a reasonable doubt to have been caused by the shot fired by the appellant. If there had been any controversy as to what was the cause of the death, it might have been necessary for the prosecution to have shown more fully the nature of the wound, and that it was such as would ordinarily result in the death of the wounded party.

The next error alleged grows out of the refusal of the court to allow a challenge for cause to one Charles Nelson, who was offered as a juryman, but the action of the court

in regard thereto, if error, was without prejudice, for the reason that said Nelson did not sit as a juror in the case, as he was peremptorily challenged by the appellant, who was in no manner injured by having to exercise his right in that regard as he did not exhaust all of his peremptory challenges during the impaneling of the jury.

The next alleged error grows out of the action of the court in allowing the appellant, who offered himself as a witness, to be cross examined as to matters which it was alleged were in no manner inquired into upon his examination in chief. The cross examination, no doubt, extended very nearly to the limit, but it is not evident from the record that there was any abuse of discretion in that regard on the part of the court below.

The only other error claimed on the part of the appellant is, that the court allowed the prosecuting attorney, in his closing argument to the jury, to apply opprobrious epithets to the appellant, and to otherwise go outside of the evidence and appeal to the prejudices of the jury in such a manner as to have a tendency to influence their verdict by matters outside of the record. We have carefully examined the statement of facts, and feel compelled to hold that there was an abuse of his privileges on the part of the prosecuting attorney in that regard, and an abuse of discretion on the part of the court in allowing such conduct after his attention had been called thereto by an objection interposed by the attorney for the appellant. We feel compelled to go further than this and to say, that the action of the court in not only peremptorily overruling the objection of the appellant's attorney to the course of the prosecuting attorney, but in apparently reprimanding him in the presence of the jury for interposing such objection, was such manifest error as under any ordinary circumstances would compel us to reverse the case and award the appellant a new trial. But while we are satisfied that

such action on the part of the court was an unjust reflection upon the attorney for the defendant, and tended to prevent proper efforts by him in behalf of his client, and therefore erroneous, we are not prepared to reverse the judgment and sentence on account thereof. A careful reading of the testimony offered at the trial, and especially that of the appellant himself, has satisfied us that such action on the part of the prosecuting attorney and the court could have worked no injury to the appellant, for the reason that no verdict more favorable to him could reasonably be based upon such testimony. The evidence of the appellant fails to disclose such a state of facts as would render the killing justifiable. It follows that even upon his own showing he was guilty of the crime of manslaughter.

A suggestion was made upon the argument as to the penalty imposed by the court on account of its extreme severity, but there is nothing in the record which will authorize us upon an affirmance of the judgment to interfere with the discretion rightfully vested in the lower court as to the penalty to be imposed upon conviction.

The judgment and sentence must be affirmed.

STILES and SCOTT, JJ., concur.

DUNBAR, C. J., and ANDERS, J., not sitting.