[No. 15927.   Department One.   March 2, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.
P. J. MULLER, *Appellant.*[1]

CRIMINAL LAW (36)—VENUE—CHANGE—LOCAL PREJUDICE. Prejudicial error cannot be predicated on denying a motion for change of venue on account of local prejudice, where both sides were permitted to excuse any juror living in localities where there was a possibility of prejudice.

JURY (62) — SELECTION — OBJECTIONS AND EXCEPTIONS. Error in denying a challenge to a juror cannot be assigned where it does not appear that he was not subsequently removed by a peremptory challenge, or that accused exhausted all his challenges.

CRIMINAL LAW (224) — TRIAL — COMPELLING CALLING OF WITNESS. The state is not required to call all the witnesses indorsed on the information, and error cannot be assigned thereon.

CRIMINAL LAW (388)—APPEAL—NECESSITY OF OBJECTIONS—ARGUMENTS OF COUNSEL. Error cannot be assigned upon improper conduct of counsel for the state in his address to the jury where no objection was made or any request to instruct the jury to disregard it.

Appeal from a judgment of the superior court for Island county, Alston, J., entered November 25, 1919, upon a trial and conviction of rape.   Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.
*John C. Richards,* for respondent.

MACKINTOSH, J.—The defendant appeals from a conviction of rape.

The first error assigned is that the court should have granted his motion for a change of venue on the ground of local prejudice.  This is a matter which the court determined upon a showing both in support of the change and in opposition thereto, and we find nothing in the record to justify a conclusion other than that arrived at by the trial court.  The trial court, in denying the

[1]Reported in 195 Pac. 1047.

motion, permitted both the state and the defendant to excuse any person coming into the jury box who might live in certain localities where there was a possibility of prejudice against the defendant. We do not see how the appellant can take advantage of this as error, for the record does not show any such talesmen were called into the box.

It is next urged that the court erred in denying appellant's challenge to the juror Coupe. While we might believe from reading the examination of this juror that the challenge for cause should have been sustained, in the record it nowhere appears that the juror was not subsequently removed by appellant's peremptory challenge, or that the appellant exhausted all his peremptory challenges. Error is not to be presumed, and it not appearing that the denial of the challenge for cause resulted in any prejudice to the appellant, the point must be resolved against him. *State v. Moody,* 7 Wash. 395, 35 Pac. 132; *State v. Rutten,* 13 Wash. 203, 43 Pac. 30; *State v. Carey,* 15 Wash. 549, 46 Pac. 1050; *State v. McCann,* 16 Wash. 249, 47 Pac. 443, 49 Pac. 216; *State v. Stentz,* 30 Wash. 134, 70 Pac. 241, 63 L. R. A. 807; *State v. Champoux,* 33 Wash. 339, 74 Pac. 557.

Error is also predicated upon the drawing of the special venire. The venire was drawn in conformity with the requirements of the code.

Two instructions given by the court are claimed by the appellant to have been erroneous. One of these instructions advised the jury that it might disregard any statements made by counsel which were not supported by the evidence, and the other instruction defined reasonable doubt. These instructions, most critically examined, reveal no divergence from correct statements of the law to which they attempted to direct the jury's attention.

It is next urged that there was error in the fact that the state did not call a doctor whose name had been endorsed upon the information as a witness. The doctor had been subpœnaed at the time of the trial, but the state excused him without using him as a witness. We know of no rule which compels either party to litigation to call all the witnesses whom they have subpœnaed, nor is the state, by the fact that its attorney endorsed the names of witnesses on the information, thereby obligated to use each and every one of the witnesses so named. When the attorney representing the state has introduced that which, in his mind, is sufficient to establish the case he need proceed no farther.

It is finally urged that counsel for the state was guilty of misconduct in his address to the jury. The record does not show that the remarks complained of were of such serious import as to justify their being called erroneous, and, furthermore, no proper objection was made to them, nor was the court asked to instruct the jury to disregard them.

On the whole record, we are satisfied the defendant had a fair and impartial trial, and was properly convicted of a crime proved beyond all reasonable doubt by competent evidence. Judgment affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.