[No. 19086. Department One. June 9, 1925.]

MICHAEL McMAHON et al., Appellants, v. CARLISLE-PENNELL LUMBER COMPANY, Respondent.[1]

JURY (59-2) — PEREMPTORY CHALLENGES — DENIAL — PREJUDICIAL EFFECT. It is prejudicial error, entitling a party to a new trial, to refuse to sustain a challenge to a juror for implied bias as defined by Rem. Comp. Stat., § 330, where the appellant thereafter peremptorily challenged the juror, and before securing a jury had exhausted all three of the peremptory challenges allowed him by law.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered June 25, 1924, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries. Reversed.

[1]Reported in 236 Pac. 797.

*Burkey & Burkey, J. F. O'Brien,* and *H. E. Donohoe,* for appellants.

*Theodore B. Bruener* and *Dysart & Ellsbury,* for respondent.

ASKREN, J.—This is an appeal from the judgment of the trial court entered on the verdict of a jury in favor of the defendant in the second trial of an action for personal injuries. The first resulted in a verdict for plaintiff, and the court ordered a new trial when plaintiff refused to consent to a reduction in the amount thereof.

The main question presented upon this appeal is whether prejudicial error was committed by the trial court in the selection of the jury.

It appears that the juror Burchett was called to the box and, upon his voir dire examination, stated that he was employed by the respondent, whereupon he was challenged by appellant upon the ground of implied bias. The court denied the challenge, to which exception was taken. Thereafter appellant peremptorily challenged the juror, and before securing the jury had exhausted all three of the peremptory challenges allowed him by law. Rem. Comp. Stat., § 330 [P. C. § 8495], is as follows:

"A challenge for implied bias may be taken for any or all of the following causes, and not otherwise:—  . . . 2. Standing in the relation of . . . master and servant, or landlord and tenant, to the adverse party; . . ."

It is clear from a reading of the statute that the challenge should have been sustained and that to refuse to do so was error.

In *State v. Rutten,* 13 Wash. 203, 43 Pac. 30, we held that the constitutional rights of a defendant were invaded when the defendant was required to exhaust his

peremptory challenges on jurors who should have been dismissed for cause.

In *State v. Stentz,* 30 Wash. 134, 70 Pac. 241, 63 L. R. A. 807, this doctrine was reaffirmed in the following language:

"A refusal to sustain challenges for proper cause, necessitating peremptory challenges on the part of the accused, will be considered on appeal as prejudicial where the accused has been compelled subsequently to exhaust all his peremptory challenges before the final selection of the jury."

We have also inferentially held to the same effect in *State v. Moody,* 7 Wash. 395, 35 Pac. 132, in the following language:

"The next error alleged grows out of the refusal of the court to allow a challenge for cause to one Charles Nelson, who was offered as a juryman, but the action of the court in regard thereto, if error, was without prejudice, for the reason that said Nelson did not sit as a juror in the case, as he was peremptorily challenged by the appellant, who was in no manner injured by having to exercise his right in that regard as he did not exhaust all of his peremptory challenges during the impaneling of the jury."

This rule has been consistently followed in our decisions, the latest expression on this question being *State v. Muller,* 114 Wash. 660, 195 Pac. 1047.

"It is next urged that the court erred in denying appellant's challenge to the juror Coupe. While we might believe from reading the examination of this juror that the challenge for cause should have been sustained, in the record it nowhere appears that the juror was not subsequently removed by appellant's peremptory challenge, or that appellant exhausted all his peremptory challenges. Error is not to be presumed, and it not appearing that the denial of the challenge for cause resulted in any prejudice to the appellant, the point must be resolved against him."

Respondent strenuously insists that our holdings in this respect are contrary to the majority of the courts. It is a rule upon which there is a decided conflict in the different jurisdictions. //The rule stated by the majority is that, where the court refuses a challenge for cause, and the party challenging removes the juror by a peremptory challenge and exhausts all his peremptory challenges, while it is error it will not be considered prejudicial unless the record discloses that some juror was kept upon the panel who was not fair and impartial. The theory upon which this rule is based is that twelve jurors having been passed for cause, and nothing being brought out on their examination to tend to show their unfitness as jurors, it must be presumed that they were fair and impartial. But we think that the majority rule entirely overlooks at least one of the purposes of the peremptory challenges allowed by law. If it be conceded that the purpose of the peremptory challenge is merely to allow a juror to be removed when the court has refused to allow him to be excused for cause actually shown, or to remove those who have shown by their answers that they are probably prejudiced or unfair jurors, then the majority rule should govern. However, it seems to us that the right to peremptory challenges is given to enable parties to excuse from the jury those whom they may, for any reason, feel would not make fair jurors even though nothing is disclosed on the voir dire. As a matter of actual experience, every practitioner knows that many jurors are excused because of known prejudices which counsel in the case do not wish to question the jurors concerning. Political and religious opinions, nationality, and other causes give rise to prejudice in the minds of many people, and very often, while this is known to the parties to the action, counsel would not wish to disclose that fact in the presence of other

jurors. Again, parties to the action may have confidential information as to some juror's viewpoint, and knowing they would be unable, if a challenge for cause is denied, to substantiate it in any way, refuse to question the juror concerning it. It was to protect the rights of parties in just such cases as these that the right to the exercise of peremptory challenges was granted. Such challenges are described by the statute as being:

"A peremptory challenge is an objection to a juror for which no reason need be given, but upon which the court shall exclude him." Rem. Comp. Stat., § 325 [P. C. § 8491].

If no reason need be given, we should not require the injured party to affirmatively show by the record that there were reasons for excusing some other juror that sat on the panel.

Under the authority of our own decisions cited above, we are satisfied that the court committed prejudicial error in refusing the challenge, thereby compelling the appellant to peremptorily challenge the juror and thus lose the right of three peremptory challenges provided by statute.

Contention is also made by appellant as to one instruction given by the court, and the refusal of the court to give another. We have examined them with care and find no error with regard thereto.

The judgment will be reversed, with instructions to grant a new trial.

TOLMAN, C. J., MAIN, BRIDGES, and PARKER, JJ., concur.