[No. 23061. Department One. September 8, 1931.]

OMAR W. RICH, *Appellant,* v. B. J. CAMPBELL, *Respondent.*[1]

[1]Reported in 2 P. (2d) 886.

394

*Bushnell & Beardsley* and *B. B. Horrigan,* for appellant.

*Moulton & Powell,* for respondents.

Parker, J.—The plaintiff, Rich, seeks recovery of damages for personal injuries caused, as he claims, by the negligent driving by the defendant, Campbell, of his taxicab. Rich was a passenger in the taxicab. He alleged in his complaint that, by Campbell's negligence, he was injured,

" . . . and particularly was caused to suffer the following express injuries, to-wit: Complete fracture of right superior articulating process of fourth Lumbar Vertebra; crushing injury to superior articulating facets of fifth Lumbar Vertebra, both right and left side."

The cause proceeded to trial in the superior court for Benton county, sitting with a jury, and resulted in verdict and judgment denying to Rich recovery, from which he has appealed to this court.

It is first contended in behalf of Rich that the trial court erred to his prejudice in overruling his counsel's challenge of a juror for actual bias. The juror was asked and answered questions such as to furnish room for arguing that he was possibly disqualified by reason of actual bias. There was, how-

ever, thereby presented to the trial judge the question of the juror's qualification, to be decided as a matter of sound discretion. (See Rem. Comp. Stat., §§ 329 and 331.) A reading of the whole of the juror's examination convinces us that we would not be warranted in holding that the trial judge abused his discretion in overruling the challenge and permitting the juror to sit in the trial of the case.

Another reason why it must now be held that the overruling of the challenge was without prejudice is that, while Rich had the right of three peremptory challenges (see Rem. Comp. Stat., § 324), none of them was exercised in his behalf as to any of the called jurors. Thus, he had the opportunity of preventing this juror from sitting in the trial of the case without thereby exhausting his peremptory challenges. *State v. Moody,* 7 Wash. 395, 35 Pac. 132; *State v. McCann,* 16 Wash. 249, 47 Pac. 443, 49 Pac. 216; *State v. Champoux,* 33 Wash. 339, 74 Pac. 557; *State v. Muller,* 114 Wash. 660, 195 Pac. 1047.

It is further contended in behalf of Rich that error occurred to his prejudice by the misconduct of certain jurors while deliberating upon their verdict. The alleged facts constituting the alleged misconduct of the jurors are stated in affidavits of two of their number and denied in affidavits of four of their number. These six affidavits constituted the whole of the evidence on that question. We deem it sufficient to say that, in so far as the deliberations of the jury were subject to inquiry, the trial court was well warranted in deciding that there was no misconduct calling for disturbing the verdict of the jury.

The trial judge instructed the jury as follows:

"If you find by a preponderance of the evidence that the defendant in driving the car in which plaintiff was riding failed to exercise the highest degree of

skill and care practicable as to any of the matters of which plaintiff complains consistent with the operation of his motor vehicle under the circumstances existing at the time and place in question in order to prevent and avoid injury to the plaintiff, and that any such negligence was a proximate cause of any injuries or damages suffered by plaintiff, Omar W. Rich, and if you find further that there was no negligence on the part of the plaintiff himself, either causing or contributing to any such injuries or damages as a proximate cause thereof, your verdict should be for the plaintiff.''

This was, in substance, as requested by counsel for Rich, except that the requested instruction contained this additional language: ''The defendant Campbell was liable for the slightest negligence in the operation of said car.'' While in some of our decisions it has been held that an instruction given in the language last above quoted is not erroneous as stating the degree of negligence rendering a carrier for hire liable to his passenger, in none of our decisions has it been held erroneous to refuse to give such an instruction, when an instruction is given in substance in the language given by the court in this case. In *Jordan v. Seattle, Renton etc., R. Co.*, 47 Wash. 503, 92 Pac. 284, the instruction was given in substance in both forms. Error was claimed in giving it in the latter form here requested by counsel for Rich; Judge Rudkin, speaking for the court, saying:

''The further statement that the appellant 'is liable for the slightest negligence in said operation,' is but a corollary of the rule already announced, or at least was evidently so intended by the court.''

*Mueller v. Washington Water Power Co.*, 56 Wash. 556, 106 Pac. 476; *Fleming v. Red Top Cab Co.*, 133 Wash. 338, 233 Pac. 639.

We are of the opinion that the degree of care re-

quired to be exercised by Campbell as a carrier of Rich, his passenger for hire, was sufficiently plainly stated by the instruction given by the court, and was not required to be further stated in the form requested by counsel for Rich.

It is further contended in behalf of Rich that the trial court erred to his prejudice in admitting in evidence, over his counsel's objection, a claim of accident insurance signed and presented by him to an insurance company which had issued to him such a policy; the claim being so signed and presented to the insurance company twenty days after the accident. While this claim showed that Rich then had such insurance, it contained a statement of his injuries claimed by counsel for Campbell to be admissible in evidence, in view of the testimony given by Rich touching his claim of injury alleged in his complaint, as above noticed. On direct examination, Rich was asked and answered as follows:

"Q. What happened immediately after he [Campbell] applied the brakes? A. Stopped right still. Q. And what happened to you? A. I struck the back of the front seat with the right side and then dropped back to the bottom of the car, and as I went down I hit the back of the seat and I dropped with my backbone right on the car, hit that right square on the bottom of the car."

Rich further testified, upon direct examination, in substance, that he was not then conscious of being injured in his back or spine. On cross-examination by counsel for Campbell, he was asked and answered as follows:

"Q. You speak of a pain in your back to the rear of the severe pain in your ribs, when did you feel that? A. Immediately after the accident. Q. I hand you defendant's exhibit 4 [the claim in question] for iden-

tification and ask you to state whether that was prepared and signed by you? A. Yes, sir. On the first day of November, 1928.''

Counsel for Campbell then offered the claim in evidence ''as part of the cross-examination of the witness as bearing upon his statement with reference to having had a severe pain in his back at first.'' Counsel for Rich objected to the introduction of the claim, ''on the ground that it is prejudicial to give to the jury the information that this man has made any application for insurance.'' The court thereupon overruled the objection and then instructed the jury as follows:

''The jury will understand that whether or not Mr. Rich carried insurance has nothing whatever to do with the case. It makes no difference whether he was insured or not insured. This is admitted only upon the theory that it may rebut certain evidence that he had certain injuries. It is admitted solely for the purpose of showing statements made by Mr. Rich.''

Counsel for Campbell then said: ''The part which I wish to read to the jury is as follows;'' and then read to the jury the part of the claim reading as follows:

''I hereby certify that on the 12th day of October, 1928, at 9:00 o'clock a. m., I was in Kennewick engaged in real estate business when and where I was injured in an auto accident-collision. I was thrown against the front seat which resulted in bodily injury as follows: Injury to ribs and all of right side.''

There was no other statement in the claim touching the nature or extent of the injuries claimed to have been suffered by Rich as the result of the accident.

We are of the opinion that this claim, signed and presented by Rich to the insurance company, was admissible in evidence for the purpose as indicated by counsel's offer and the court's instruction then given to the jury. The claim, we think, did have a tendency

to show that Rich was not, at the time of the accident, seriously injured in his back or spine, as testified by him.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.