[No. 27373. Department Two. February 9, 1939.]

Eva E. Sheldon *et al., Appellants,* v. F. M. Imhoff *et al., Respondents.*[1]

*John T. McCutcheon,* for appellants.

*Hayden, Metzger & Blair,* for respondents.

Blake, C. J.—Plaintiffs sustained injuries as the result of a head-on collision between a car in which they were passengers and a car driven by Howard Imhoff. The car driven by the latter was the property of his parents—the community composed of F. M. Imhoff and wife.

Plaintiffs instituted this suit, setting up separate causes of action against all three of the Imhoffs. The Imhoffs, together with one Dick Crain, who was a passenger in their car at the time of the collision, instituted an action against one Althuser and one Knoell,

[1]Reported in 87 P. (2d) 103.

the owner and driver, respectively, of the car in which plaintiffs in this action were passengers. Althuser and Knoell answered, setting up cross-actions against the Imhoffs. The two suits were consolidated for trial. All told, there were seven causes of action submitted to the jury for separate verdicts.

In order to cover all the possible phases of the rights and liabilities of the respective parties under the evidence and applicable law, the court submitted to the jury eleven forms of verdict, as follows:

"F. M. IMHOFF, HOWARD IMHOFF AND DICK CRAIN,

Plaintiffs    No. 79584

vs.

A. ALTHUSER AND WALTER KNOELL,
Defendants

EVA E. SHELDON AND MRS. A. B. FIELDS,
Plaintiffs    No. 79745

vs.

F. M. IMHOFF AND WIFE AND HOWARD IMHOFF,    VERDICT

Defendants

"We, the Jury in the above entitled case, find:

For Plaintiff F. M. IMHOFF and against A. Althuser and Walter Knowell, for damage to automobile .......................... $

For Plaintiff HOWARD IMHOFF and against A. Althuser and Walter Knowell for personal injuries .............................. $

For Plaintiff DICK CRAIN and against A. Althuser and Walter Knowell for personal injuries, etc. ............................ $

For WALTER KNOELL and against F. M. Imhoff and wife and Howard Imhoff for personal injuries, etc. ............................ $

For WALTER KNOELL and against Howard Imhoff for personal injuries, etc............. $

68

For A. Althuser and against F. M. Imhoff and wife and Howard Imhoff for *for* damage to automobile ........................... $

For A. Althuser and against Howard Imhoff for damage to automobile................ $

For Eva E. Sheldon and against F. M. Imhoff and wife and Howard Imhoff for personal injuries, etc. .......................... $

For Eva Sheldon and against Howard Imhoff for personal injuries, etc.................. $

For Mrs. A. B. Fields and against F. M. Imhoff and wife and Howard Imhoff for personal injuries, etc. .......................... $

For Mrs. A. B. Fields and against Howard Imhoff for personal injuries, etc.......... $          "

Concerning the return of these verdicts, the court instructed the jury as follows:

"Proper forms of verdict have been handed to you with these instructions and you will use the form of verdict which corresponds with your decision and have your foreman sign the same and return into court.

*"In the event you find that neither the plaintiff nor the defendants should recover in either case, then your verdict should simply be for the defendants without fixing any damage and you should write 'none' in the blank opposite thereto.*

"In the event you find for any of the plaintiffs, or defendants on their cross-complaints, you will insert the amount you find they and each of them are entitled to, if any, and have your verdict signed by your foreman." (Italics ours.)

In each of the eleven verdicts the jury wrote the word *"none"* after the $ mark. Upon these verdicts the court entered judgments dismissing all causes of action involved in both suits. Mrs. Sheldon and Mrs. Fields appeal.

As we understand it, appellants' contention is that the verdicts are, in form and substance, for the

plaintiffs upon the issues of negligence and contributory negligence; that since, under the undisputed evidence, they sustained substantial injuries, the finding of the jury that they suffered no [none] damages is inconsistent with the substance of the verdicts.

Appellants cite a number of cases where new trials have been ordered because of inconsistency in verdicts on different causes of action (*Mitchell v. Rice,* 183 Wash. 402, 48 P. (2d) 949) or where nominal or inadequate damages have been awarded in face of proof of substantial injuries (*Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827; *Hillman v. Seattle,* 163 Wash. 401, 299 Pac. 514).

But we think these authorities are inapposite in the light of the italicized portion of the above quoted instruction. Under the instruction and form of verdicts submitted, we do not see how the jury could have indicated a finding for the defendants otherwise than by inserting the word *"none"* after the $ marks. Indeed, there would be more substantial ground for appellants' position had those places been left blank. Verdicts similar in form and substance have been held by appellate courts of other states to be verdicts for defendants—and that, apparently, without the saving grace of explanatory instructions. *Royal Indemnity Co. v. Township of Island Lake,* 177 Minn. 408, 225 N. W. 291; *Schwab v. Nordstrom,* 138 Kan. 497, 27 P. (2d) 242; *Chapin v. Foege,* 296 Ill. App. 96, 15 N. E. (2d) 943; *Miner v. Town of Rolling,* 167 Wis. 213, 167 N. W. 242.

In the first case cited the verdict was: " 'We, the jury in the above entitled action, find for the plaintiff and assess damages in the sum of none dollars.' " Of the effect of the verdict the court said:

"In a case like this, there are usually sent out to the jury two printed forms of verdict—one finding for

plaintiff with a blank space therein in which to insert the amount of damages found for the plaintiff; the other a verdict for defendant. The jury used the first form, simply inserting the word 'none' in the blank space. It is clear that the intention of the jury, by the verdict returned, was to find that plaintiff was not entitled to any damages against the defendant. It had the same effect as, and was in fact though not in form, a verdict for defendant. The court might well have had the verdict corrected before being finally received and recorded. It was not however necessary.

"In a case where the liability of a defendant is clearly shown and a verdict for plaintiff awards damages in an unreasonably small amount considering the evidence, the verdict may, under certain circumstances, be set aside on the ground that it was rendered under the influence of prejudice. 5 Dunnell, Minn. Dig. (2 ed.) § 7141. There is no such situation here. The verdict awarded no damages."

Since, in the light of the explanatory instruction, which we have quoted, it is clear that the jury intended to find against the complainants in all causes of action involved in the two suits, the judgment will be affirmed.

BEALS, MILLARD, GERAGHTY, and SIMPSON, JJ., concur.