[No. 3903-0-III. Division Three. April 21, 1981.]

SAMUEL MILES, ET AL, *Appellants,* v. F.E.R.M. ENTERPRISES, INC., *Respondent.*

62

*George A. Critchlow* and *Critchlow & Williams,* for appellants.

*Edward F. Shea* and *Shea, Kuffle & Lindsay,* for respondent.

ROE, A.C.J.—The plaintiffs, who are black, sued, alleging racial discrimination in housing. The jury found discrimination but awarded zero dollars for both general and punitive damages.

The plaintiffs had contracted to purchase, at a reduced price because of a year–end clearance sale and discounts, a mobile home in Kennewick, Washington. The only lot they found upon which they could put their new mobile home was at Sagemoor Park, owned by the defendant. Plaintiffs preferred a corner lot. There was evidence the price was raised from $4,500 to $5,500 when the plaintiffs applied. There was also evidence defendant told plaintiffs that, of the two corner lots, one had been sold and the other was to be used for the defendant's office. A question arose as to whether the plaintiffs' F.H.A.–approved mobile home could be put on a non–F.H.A.–approved lot. If this were not possible, then the plaintiffs could not move to Sagemoor Park.

A witness testified that one of the owners of the defendant corporation told him over the phone she did not want blacks moving into Sagemoor early in its development and asked this witness not to refer blacks to Sagemoor. Although the above evidence was disputed, nevertheless, it does constitute substantial evidence by which the jury

could have found racial discrimination in the lot sale or in effect discrimination in housing.

Since plaintiffs could not find a lot, the mobile homes dealer refunded the down payment to plaintiffs. Nine months later, they bought a different mobile home and placed it in a park in West Pasco. This new West Pasco lot was closer to schools and was more convenient for the plaintiffs. Since the original mobile home, which they had temporarily purchased and returned, was later sold by the mobile homes dealer, the plaintiffs had to buy a new mobile home. Because of new federal regulations, it cost considerably more, but was apparently better constructed than the original. The second lot also cost $2,000 more than the one which was denied them at defendant's mobile home park.

There also was substantial evidence the plaintiffs suffered no pecuniary loss because of discrimination; in effect, they had made money on this occurrence, since their new home and their new lot had appreciated considerably by the time of trial.

The plaintiffs sued F.E.R.M. Enterprises, Inc., alleging discrimination under *both state and federal law*. The jury was supplied with two forms, one a verdict for defendant, the other a verdict for plaintiffs with spaces thereon for actual and punitive damages. The jury returned a verdict for the plaintiffs, finding discrimination, but with "$0" written in the spaces for both actual and punitive damages. Both parties moved for judgment notwithstanding the verdict or for a new trial; plaintiffs also requested additur.

The trial court found the verdict was for plaintiffs on the issue of the fact of discrimination, but that plaintiffs had suffered no damages, and hence it was a defense verdict. Consequently, judgment was entered for defendant with costs.

Plaintiffs contend the trial court erred in denying one of their challenges of a juror for cause. Juror Merlin Goddard had filled out a questionnaire stating he had "some prejudice." He testified he would not want his sister to marry a black, and believed that although blacks should have the

same rights as whites, blacks should only be allowed to marry within their race. There were also answers from juror Goddard which would indicate he could be a fair and impartial juror. Plaintiffs' attorney then challenged juror Goddard for cause, and the court denied the motion. Plaintiffs continued voir dire and discovered Goddard believed a landowner should be able to sell land only to whites and exclude blacks if he wished. Unaccountably, plaintiffs did not then renew the challenge but passed juror Goddard for cause. Rather, plaintiffs then used their third and final peremptory challenge to excuse Goddard.

A litigant's constitutional rights are invaded when he is required to exhaust his peremptory challenges on a juror who should have been dismissed for cause. The failure to dismiss for cause is prejudicial in itself without regard to whether the final peremptory might have been used to dismiss another juror who sat on the panel. *McMahon v. Carlisle–Pennell Lumber Co.,* 135 Wash. 27, 28–31, 236 P. 797 (1925); *State v. Muller,* 114 Wash. 660, 661, 195 P. 1047 (1921); *State v. Stentz,* 30 Wash. 134, 143, 70 P. 241 (1902); *State v. Rutten,* 13 Wash. 203, 206, 43 P. 30 (1895); *State v. Moody,* 7 Wash. 395, 396–97, 35 P. 132 (1893).

█ If a juror should have been excused for cause but was not, the remedy is reversal. The discretion of the trial court to determine partiality of a juror is subject to review by this court under the constitutional guaranty to the accused of a trial by an impartial jury. *State v. Rutten, supra.* Actual bias is

> the existence of a state of mind on the part of the juror in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging, . . .

RCW 4.44.170(2); *see* RCW 4.44.190.[1]

---

[1]RCW 4.44.190 states:

"A challenge for actual bias may be taken for the cause mentioned in RCW 4.44.170(2). But on the trial of such challenge, although it should appear that the juror challenged has formed or expressed an opinion upon what he may have

The test for error is per *Rich v. Campbell,* 164 Wash. 393, 395, 2 P.2d 886 (1931):

> A reading of the whole of the juror's examination [up to the time of the challenge for cause] convinces us that we would not be warranted in holding that the trial judge abused his discretion in overruling the challenge and permitting the juror to sit in the trial of the case.

We cannot hold it to be an abuse of discretion for the court to refuse to discharge a juror for cause in a case involving discrimination in the sale of realty merely because the juror believed people should marry within the same race. This juror did state he could be fair in this case. Plaintiffs should have renewed the challenge following subsequent examination which clearly disclosed bias concerning sales of real estate and a challenge for cause would lie.

The next issue is whether the trial court erred in concluding a verdict for plaintiffs with "$0" damages is a defense verdict. Courts have construed such a verdict in four ways. Some courts hold the verdict is invalid and order a new trial. Other courts conclude it is a defense verdict only if there is no evidence in the record of damages. Still other courts construe such a verdict as one for the defendant. Finally, some courts hold it is a verdict for the plaintiff. *See* Annot., 116 A.L.R. 828 (1938); Annot., 49 A.L.R.2d 1328 (1956).

A brief review of the common law distinction between trespass and "trespass on the case" is appropriate in distinguishing other similar cases. In a successful trespass action, the plaintiff sought money damages for an injury done to his person, property or his rights by the immediate force and violence of the defendant;[2] the law's regard for a person's property was so great that damages were pre-

---

heard or read, such opinion shall not of itself be sufficient to sustain the challenge, but the court must be satisfied, from all the circumstances, that the juror cannot disregard such opinion and try the issue impartially."

[2]The trespass actions at common law were vi et armis, with force and weapons; de bonis asportatis, for goods carried away; and quare clausum fregit, wherefore he broke the close (enclosure).

sumed. *Zimmer v. Stephenson,* 66 Wn.2d 477, 479–80, 403 P.2d 343 (1965); *Welch v. Seattle & M. R.R.,* 56 Wash. 97, 99, 105 P. 166 (1909). In a "trespass on the case" action, however, there were no presumed damages, as the plaintiff's injury was not caused by direct force, but only as an indirect result of the defendant's acts. *Zimmer v. Stephenson, supra; Welch v. Seattle & M. R.R., supra.* Thus, if this action is one in common law "trespass," a verdict for zero dollars would not show a failure of the plaintiffs to prove their action, as damages are presumed. If it is a "trespass on the case" action, a zero dollars verdict shows a failure of the cause and would properly be a verdict for the defendant.

*Sheldon v. Imhoff,* 198 Wash. 66, 87 P.2d 103 (1939), an automobile negligence action, is the only Washington case we have found which considered a verdict similar to the one at bench. However, the court reached no conclusion on the effect of it. There, the jury was instructed that if neither plaintiff nor defendant should recover under the action, then the jury should find for the defendant and should write "none" in the space for damages. This, the jury did. The court rendered judgment for the defendant. The Supreme Court held, with the instructions given, the jury had no choice but to find the way it did. In dicta, the court stated other courts have held the verdict of no damages is a defense verdict.

In support of its position, *Sheldon* cited *Royal Indem. Co. v. Island Lake,* 177 Minn. 408, 409–10, 225 N.W. 291, 292 (1929). Plaintiff sued the City on a road contract seeking a different method of payment. The jury returned a verdict for the plaintiff for "none dollars" damages. On appeal from a verdict for the defendant, the appellate court held there was evidence to support a verdict for the defendant, and that the intent of the jury (that plaintiff had been fully compensated) was clear from the verdict and affirmed. *Royal Indem. Co. v. Island Lake, supra,* added a caveat that the verdict may be set aside if defendant's liability is clearly shown.

*Sheldon* also cited *Schwab v. Nordstrom,* 138 Kan. 497, 27 P.2d 242 (1933), a trespass case. Schwab sued Nordstrom for assault and battery; Nordstrom counterclaimed alleging the same acts. The jury found both for plaintiff and defendant and awarded no damages to either. The appellate court held the uncertainty in the verdict could be explained by reference to the record, and was therefore proper.

The final case cited by *Sheldon* is *Chapin v. Foege,* 296 Ill. App. 96, 15 N.E.2d 943 (1938), which arose out of an auto accident with Chapin suing for negligence and Foege counterclaiming, alleging negligence. This jury also found for both Chapin and Foege and for no damages to either. On appeal from a refusal to grant Chapin's motion for a new trial, the appellate court held that since both parties were negligent, each was also necessarily guilty of contributory negligence and neither could collect from the other. The entire record must be searched and all parts interpreted together to establish a verdict.

None of the cases cited in *Sheldon* is apposite here. We do not have a case where there is a verdict for both parties for zero dollars against the other, nor may we discern the intent of the jury from the record. The evidence supports a verdict for the plaintiffs on the issue of discrimination, though the evidence showed the result of the discrimination was the plaintiffs lived in a better mobile home, in a more convenient location, which had appreciated in value. Thus, there was evidence plaintiffs had suffered no commercial loss.

In *Joseph v. Rowlen,* 425 F.2d 1010 (7th Cir. 1970), a civil rights action, the plaintiff received a jury verdict for zero dollars. That court held it to be a plaintiff's verdict, stating that had the verdict been for nominal damages, there would be no question it was a verdict for the plaintiff. Since courts have upheld plaintiffs' verdicts based on nominal damages as low as 6 cents, it concluded it would be putting form over substance to hold a verdict for plaintiff for zero dollars is a defense verdict when the jury had

actually returned a verdict for the plaintiff.

In *Browning v. Slenderella Sys.*, 54 Wn.2d 440, 446, 341 P.2d 859 (1959), the court stated a race discrimination action is a wrongful act intentionally done. It carries with it the elements of an assault. *Anderson v. Pantages Theatre Co.*, 114 Wash. 24, 30–31, 194 P. 813 (1921). At common law, assault was a trespass and, in the absence of a showing of actual loss, a plaintiff could recover nominal damages. That rule obtains today if the trespass is deliberate and willful, such as an assault. If the plaintiff proves a wrong, he may recover nominal damages. C. McCormick, *Damages* §§ 23, 24 (1935); D. Dobbs, *Remedies* § 3.8, at 192 (1973).

Nominal damages are presumed in a civil rights action even if no damage is shown. *Basista v. Weir,* 340 F.2d 74 (3d Cir. 1965).

> [A] nominal award is appropriate in such cases if no real harm has been done, but the award is not limited to nominal sums.

D. Dobbs, *Remedies* § 3.8, at 192 (1973). Further, "damages are 'presumed,' or the wrong is said to be damage in and of itself." (Footnotes omitted.) D. Dobbs, *Remedies* § 7.3, at 528 (1973). *See also* C. Antieau, *Federal Civil Rights Acts* § 210 (2d ed. 1980).

In civil rights cases both federal and state rules on damages are to be utilized, whichever better serves the policies expressed in federal statutes. *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 24 L. Ed. 2d 386, 90 S. Ct. 400 (1969).

Some cases state nominal damages are presumed. A plaintiff need not allege nominal damages, and they are proved merely by showing a deprivation of a civil right. *Basista v. Weir, supra. See Nixon v. Herndon,* 273 U.S. 536, 71 L. Ed. 759, 47 S. Ct. 446 (1927). A plaintiff need only prove a defendant's conduct subjected him to a deprivation of civil rights. *Marshall v. Sawyer,* 301 F.2d 639 (9th Cir. 1962); *Lamb v. Cartwright,* 393 F. Supp. 1081, 1085 (E.D. Tex.), *affirmed,* 524 F.2d 238 (5th Cir. 1975);

*Campise v. Hamilton,* 382 F. Supp. 172, 186 (S.D. Tex. 1974), *appeal dismissed,* 541 F.2d 279 (5th Cir. 1976), *cert. denied,* 429 U.S. 1102, 51 L. Ed. 2d 552, 97 S. Ct. 1127 (1977). *But see Joseph v. Rowlen, supra.*

*United States ex rel. Motley v. Rundle,* 340 F. Supp. 807, 810–11 (E.D. Pa. 1972), held presumed nominal damages are awarded to compensate a plaintiff for hurt feelings, embarrassment and humiliation which naturally flow from any discriminatory act.

In *Carey v. Piphus,* 435 U.S. 247, 264–65, 55 L. Ed. 2d 252, 98 S. Ct. 1042, 1052–53 (1978), the court held that students who were deprived of their procedural due process rights may collect nominal sums in the absence of proof of actual damages. The general rule is: the measure of damages is to be determined with reference to the nature of the interest protected. In a footnote, the court stated the rule of damages for deprivation of voting rights is relevant to an action for violation of civil rights. *Carey v. Piphus, supra* at 264 n.22. The common law rule was that substantial damages are presumed in voting rights cases. *See Wayne v. Venable,* 260 F. 64 (8th Cir. 1919); *Nixon v. Herndon, supra.*

In *Browning v. Slenderella Sys., supra,* Mrs. Browning was denied admission to Slenderella Systems on the basis of her race. She sued under a state statute[3] alleging only emotional damages. The trial court awarded her $750, apparently on the assumption damages in a discrimination case are presumed to flow from the mere fact of discrimination. The Supreme Court disagreed, stating that to presume such damages would make them punitive, rather than compensatory, and punitive damages are not allowed in this state.

---

[3]Browning sued under RCW 9.91.010(2), which states:

"Every person who denies to any other person because of race, creed, or color, the full enjoyment of any of the accommodations, advantages, facilities or privileges of any place of public resort, accommodation, assemblage, or amusement, shall be guilty of a misdemeanor."

The *Browning* court stated at page 450:

We have, as indicated, gone behind the findings to determine whether the evidence establishes "severe emotional distress," and conclude that it does not, unless it can be said that "severe emotional distress" can be presumed from any unlawful discrimination.

The character of the act, and its natural consequences, makes that an arguable presumption, but there is still no evidence that supports a substantial judgment for compensatory damages.

It may well be that the difficulties of proof of compensatory damages in such cases indicate that states . . . which permit punitive or exemplary damages, have a more realistic approach to dealing with the problem of discrimination than we do.

Our Supreme Court held since punitive damages were not allowed, and the legislature had set no statutory minimum award in a discrimination case, where there is no evidence to sustain a substantial award for compensatory damages, the plaintiff is entitled to no more than nominal damages. Consequently, the court reduced the amount the trial court found to have naturally flowed from the discriminatory act to $100 as nominal damages, stating, "This seems to us a proper amount to regard as nominal damages in such a case." *Browning v. Slenderella Sys., supra* at 451.

Defendant contends plaintiffs may recover only actual damages, citing RCW 49.60.030(2).[4] A reading of that statute shows it does not limit recovery to actual damages, because it refers to "any other remedy authorized by . . . the United States Civil Rights Act of 1964". Unlike *Browning v. Slenderella Sys., supra,* however, this case is governed by *federal law* which allows punitive damages. *Basista v. Weir, supra.* Plaintiffs' suit was covered by 42 U.S.C. §§ 1981, 1982 (1976).

---

[4]RCW 49.60.030(2) reads:

"Any person deeming himself injured by any act in violation of this chapter shall have a civil action . . . to enjoin further violations, to recover the *actual damages* sustained by him, or both, together with the cost of suit including a reasonable attorney's fees *or any other remedy authorized by this chapter or the United States Civil Rights Act of 1964; . . .*" (Italics ours.)

42 U.S.C. § 1981 (1976), states:

> All persons . . . shall have the same right . . . to the full and equal benefit of all laws and proceedings for the security of . . . property as is enjoyed by white citizens, . . .

42 U.S.C. § 1982 (1976), states:

> All citizens of the United States shall have the same right, . . . as is enjoyed by white citizens . . . to . . . purchase, . . . real . . . property.

28 U.S.C. § 1343(4) (1976), gives courts jurisdiction in suits:

> To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, . . .

State courts have interpreted the language of 28 U.S.C. § 1343(4) (1976), as granting concurrent jurisdiction to state and federal courts. *Rzeznik v. Chief of Police,* 374 Mass. 475, 373 N.E.2d 1128 (1978).

The Supreme Court stated an individual who establishes a cause of action under section 1981 is entitled to legal and equitable relief, including compensatory and punitive damages. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 44 L. Ed. 2d 295, 95 S. Ct. 1716, 1720 (1975).

In *Bundy v. Jackson,* 641 F.2d 934 (D.C. Cir. 1981), the court held a violation of the Civil Rights Act of 1964, Title 7, could be established independently of loss of tangible job benefits. In that case, the employee could not prove any loss or denial of any tangible job benefits. The District Court held Title 7 (42 U.S.C. §§ 2000e *et seq.* (1974)), did not encompass such an action. The appellate court disagreed, holding that sexual harassment, without more, constitutes a violation of Title 7 per se.

The damages section of Title 7 provides:

> [T]he court may enjoin the respondent . . . and order such affirmative action as may be appropriate, . . . or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e–5(g) (Supp. 1974). Nominal damages have been awarded under this section. *Compston v. Borden,*

*Inc.,* 424 F. Supp. 157, 162 (S.D. Ohio 1976); *see also Wilson v. Eberle,* 18 F.R.D. 7, 9 (D. Alaska 1955) (nominal damages should be awarded where a legal right is to be vindicated where no actual loss or damage was suffered). *But see Taylor v. Philips Indus., Inc.,* 593 F.2d 783, 786–87 (7th Cir. 1979) (plaintiff must prove actual damages under Title 7).

The damages section of Title 7, 42 U.S.C. § 2000e–5(g) (Supp. 1974), is at least as broad as that under 42 U.S.C. § 1981 (1976), which the Supreme Court construed to be "legal and equitable relief." Since there are nominal as well as presumed damages under Title 7, and there is similar authority under section 1981, we hold race discrimination is equivalent to the trespass action of assault. Therefore, at least nominal damages must be awarded.

The court instructed the jury as to the measure of damages. Instruction No. 13 stated the jury should consider economic loss suffered by the plaintiffs which would not have been suffered but for the actions of the defendant, and emotional distress, mental anguish, and humiliation. Instruction No. 14 allowed punitive damages. Plaintiffs excepted to instruction No. 13 complaining it was too general and asked for more specific instructions. We assume plaintiffs' objections were timely and specific.

The plaintiffs proposed alternate instructions on damages. The instruction initially proposed on the measure of damages was virtually the same as that given by the court. The alternate proposed instructions delineated the difference in price of the mobile home lot at Sagemoor and the lot plaintiffs eventually secured, and the difference in price of the mobile home plaintiffs attempted to purchase but could not and the one they subsequently purchased upon finding a mobile home lot. The plaintiffs also proposed the jury specifically consider the loss suffered by the plaintiffs as measured by the differences in terms of sale of the lots to white purchasers and the terms proposed to the plaintiffs. The proposed instructions also included damages for emotional distress. But the plaintiffs accepted the court's

instruction as to emotional damages, excepting only to the economics of the lot and home sale.

 The plaintiffs are bound by their theory of the case. They could and did argue the economics under the instruction actually given. There was no error.

In this civil rights case, which is an assault, damages are presumed. We hold the judgment here where the jury found discrimination must be for the plaintiffs, Mr. and Mrs. Miles, at least in a nominal amount to be fixed by the trial court.

RCW 4.84.030 provides the prevailing party shall be entitled to his costs. Plaintiffs are the prevailing party. We reverse the trial court's judgment n.o.v. for the defendant and remand for a determination of attorney's fees to be allowed the plaintiff.

We have reviewed the remaining assignments of error and find them without merit.

Reversed and remanded for proceedings consistent with this opinion.

GREEN and MUNSON, JJ., concur.