[No. 15627-3-III. Division Three. September 16, 1997.]

LINDA M. MINGER, ET AL., *Appellants*, v. REINHARD DISTRIBUTING COMPANY, INC., *Respondent.*

*Gerald J. Moberg* and *Moberg Law Firm*, for appellants.
*Peter T. Petrich* and *Davies Pearson, P.C.*; and *Nels A. Hansen* and *Hansen Law Firm*, for respondent.

BROWN, J. — We are asked to decide these issues in this sexual harassment case: (1) whether jury answers to special interrogatories are inconsistent; (2) whether the plaintiffs/employees are prevailing parties for the purpose of awarding attorney fees, and if so, whether the amount was correctly determined; (3) whether the trial court erred in not granting a new trial on the issue of general damages; (4) whether the defendant/employer's offer of judgment under CR 68 was properly considered by the trial court; and (5) whether either party is entitled to attorney fees on appeal.

We determine the trial court correctly found the plaintiffs prevailed, but because the court incorrectly

calculated the attorney fees and misapplied CR 68, we reverse and remand.

## FACTS

Linda Minger and Trisha Tolison (employees) were employed at Ernie's Truck Stop in Moses Lake, owned by Reinhard Distributing (employer). In the spring of 1991, Terry Loukaitis became their immediate supervisor. In the next few months he made numerous derogatory remarks to and about them, some of which involved sexual innuendo. The employees eventually quit their jobs and commenced this action for discrimination, constructive discharge, negligent infliction of emotional distress and several other causes of action. The court granted the employer's motion for summary judgment on all claims except gender discrimination, constructive discharge and wrongful termination.

The matter proceeded to trial following the defendant's CR 68 offer to settle for $18,000 inclusive of damages, costs and attorney fees made on September 1, 1995. Both employees described numerous incidents in which Mr. Loukaitis embarrassed and humiliated them. The employer presented testimony of two co-workers who said Ms. Minger and Ms. Tolison participated in the making of ribald comments and did not appear to be embarrassed or humiliated by the incidents.

The verdict forms and answers were the same for each plaintiff:

Question No. 1: Was there sexual harassment directed at (Plaintiff) for which the defendant REINHARD DISTRIBUTING COMPANY, INC. is liable?

Answer "yes" or "no"

Answer:_____

If you answer Question No. 1 "no", sign and return this verdict. If you answer Question No. 1 "yes", then answer Question No. 2.

Question No. 2: Was the sexual harassment a proximate cause of injury to the (Plaintiff)?

Answer "yes" or "no"

Answer:_____

If you answer Question No. 2 "no", sign and return this verdict. If you answer Question No. 2 "yes", then answer Question No. 3.

Question No. 3: What do you find to be the (Plaintiffs') amount of damages?

$_____

The employees moved for a judgment as a matter of law on the issue of proximate cause and a new trial on the issue of damages, contending the jury findings were inconsistent. The court denied the motions. The employees claimed attorney fees exceeding $45,000; however, the trial court awarded them reduced attorney fees and costs of $23,100. The employer contends the employees did not prevail, or if they did prevail, then the total costs and attorney fees at the time of the CR 68 offer (claimed to be $16,000) should be the limit of the fee award. The employer claims postoffer attorney fees. Both parties seek attorney fees for this appeal.

## ANSWERS TO INTERROGATORIES

■■■ The employees contend the trial court erred in failing to grant their motion for a directed verdict based on inconsistencies in the jury's answers to interrogatories. "It is the rule in this state that answers to special interrogatories should, if possible, be read harmoniously to support a judgment." *Department of Highways v. Evans Engine Co.*, 22 Wn. App. 202, 204, 589 P.2d 290 (1978), *review denied*, 92 Wn.2d 1010 (1979). In any event, there is no irreconcilable inconsistency in the answers to interrogatories. The first interrogatory is clear: the jury found the defendant "liable." This is tantamount to a general verdict, and any subsequent inconsistent legal effects or meanings and answers are surplusage. *Department of Highways*, 22 Wn. App. at 209. In question two, the

remaining consistent meaning is that although sexual harassment occurred, the employees suffered no general damages due to severe emotional distress. This is supported by the evidence the employer presented refuting the employees' claim they suffered severe emotional distress.

■ The employees waived any objection to the verdict based on the alleged inconsistency by failing to bring it to the attention of the trial court at the time the jury was polled and before the jury were discharged. *Gjerde v. Fritzsche*, 55 Wn. App. 387, 777 P.2d 1072 (1989), *review denied*, 113 Wn.2d 1038 (1990). The jury poll cured any procedural irregularities, including claimed mistakes in understanding the instructions. *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747, 768-69, 818 P.2d 1337 (1991). When the jury has been discharged it is the court's duty to determine the legal effect of the verdict. *Department of Highways*, 22 Wn. App. at 208-09.

■■ The legal effect of the jury's answers in the verdict form was to find the employees had prevailed because they determined the employer to be liable, but the employees had not been more than nominally damaged. *See Miles v. F.E.R.M. Enters., Inc.*, 29 Wn. App. 61, 67-68, 627 P.2d 564 (1981); *Browning v. Slenderella Systems*, 54 Wn.2d 440, 451, 341 P.2d 859 (1959). The trial court correctly denied the employees' motion for a new trial on the issue of general damages, but is directed to enter nominal damages in the sum of $100 with adjustment for inflation since 1959 to be consistent with the approach found proper in *Browning*, 54 Wn.2d at 451.

"[N]ominal damages are presumed in a civil rights action even if no damage is shown." *Miles*, 29 Wn. App. at 68 (citations omitted). In *Browning*, our Supreme Court decided that nominal damages are appropriate where liability is established for a civil rights violation but compensatory damages are denied following the failure to prove severe emotional distress. The court in *Browning* fixed $100 as a proper amount of damages in this type of case, and remanded to the trial court to set this sum.

In a civil rights case where liability is established without other compensatory damages, "Nominal damages never purport to be real damages. They are awarded where, from the nature of the case, some injury has been done, the amount of which the proofs fail entirely to show." *Gilmartin v. Stevens Inv. Co.*, 43 Wn.2d 289, 294, 261 P.2d 73 (1953) (citing *Bellingham Bay & B.C. R.R. Co. v. Strand*, 4 Wash. 311, 314, 30 P. 144 (1892)). "[N]ominal damages are awarded to compensate a plaintiff for hurt feelings, embarrassment and humiliation which naturally flow from any discriminatory act." *Miles*, 29 Wn. App. at 69 (citing *United States ex rel. Motley v. Rundle*, 340 F. Supp. 807, 810-11 (E.D. Pa. 1972)). "A plaintiff need not allege nominal damages, and they are proved merely by showing a deprivation of a civil right." *Id.* at 68; *see Lewis v. Doll*, 53 Wn. App. 203, 212, 765 P.2d 1341, *review denied*, 112 Wn.2d 1027 (1989).

## ATTORNEY FEES

 The employer cross-appeals contending a plaintiff who fails to prove and recover general damages is not a prevailing party. Attorney fee awards to employment discrimination plaintiffs are authorized by RCW 49.60.030(2).[1] The statute authorizes attorney fee awards to prevailing plaintiffs. *Blair v. Washington State Univ.*, 108 Wn.2d 558, 740 P.2d 1379 (1987). In a civil rights case, and consistent with our previous discussion of *Miles* and *Browning*, where the jury finds discrimination, as here, plaintiffs are prevailing parties entitled to attorney fees. The trial court did not err in deciding to award attorney fees to the employees, but an examination of the amount is still necessary.

---

[1]RCW 49.60.030(2) provides:

Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.)

The employees contend the trial court erred in awarding reduced attorney fees based on the degree of success of their claims. The court disallowed a portion of the requested fees relating to claims which were abandoned before trial or on which the employees did not prevail. The court found, however, that with minor exceptions all work after August 1, 1995, was justified. The employees' attorney fees affidavit shows they accrued about $30,000 in fees after that date. The court further noted while the lawsuit "achieved some deterrent effect," the employees' degree of success was "mixed, at best." Accordingly, the court reduced the amount of the fee award to $22,000.

The legislative purpose in authorizing attorney fee awards in employment discrimination claims is to enable vigorous enforcement of laws against discrimination. *Martinez v. City of Tacoma*, 81 Wn. App. 228, 914 P.2d 86, *review denied*, 130 Wn.2d 1010 (1996).

> "[T]he legislature has declared that discrimination is "a matter of state concern, that . . . threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state." Money damages are an inadequate yardstick for measuring the results of discrimination.

*Martinez*, 81 Wn. App. at 241-42 (footnotes omitted and alteration in original).

Failure to fully compensate attorneys who represent plaintiffs in discrimination claims will discourage actions whose primary effects are vindication of citizens' right to be free of discrimination and the deterrence of unlawful discriminatory conduct. The reduction of attorney fees from $30,000, based on "degree of success," would appear to be an abuse of discretion. Nevertheless, we need not further address this issue as the CR 68 issue discussed next is determinative.

## CR 68 OFFER

Before trial, the employer made a CR 68 offer of

judgment of $18,000, including attorney fees. CR 68 requires an offeree to pay the offeror's costs incurred after the offer is made if the amount of the offer exceeds the amount of the judgment. *Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985). The employer contends because the employees' attorney fees at the time of the offer were less than $18,000, the fee shifting provision of CR 68 is applicable and the employees should be liable for the employer's postoffer fees. The employer is incorrect on this point. The federal courts have consistently held in the context of civil rights cases that the effect of CR 68 is merely to require the plaintiffs to bear their own post-offer costs including attorney fees. *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.), *cert. denied*, 481 U.S. 1029 (1986); *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993); *Grosvenor v. Brienen*, 801 F.2d 944 (7th Cir. 1986); *Stewart v. Sonoma County*, 634 F. Supp. 773 (N.D. Cal. 1986).

Because the employees' judgment is limited by the operation of CR 68 to the amount of attorney fees they had accrued at the time the employer made the CR 68 offer, we must remand this case for a factual determination by the trial court as to the amount of those fees. *Marek*, 473 U.S. at 11-12.

Because the record does not contain findings of the amount of attorney fees accrued by the employees, this matter is remanded to the trial court to make that determination. If the attorney fees so determined, together with the adjusted nominal damages are less than the $18,000 offered by the employer, then the employees are entitled to recover only the amount of attorney fees accrued at the time of offer, plus the $100 nominal damages. If the attorney fees accrued at the time of the offer, together with the nominal damage award, exceeds the $18,000 offer, then employees may have their attorney fees without reduction for a degree of success.

## APPELLATE FEES AND COSTS

The employer further requests an award of costs and at-

torney fees on appeal pursuant to RAP 18.1 and RAP 18.9(a), contending the appeal is frivolous. We cannot say it is. They are denied.

## CONCLUSION

We hold (1) the jury interrogatories were consistent; (2) the trial court properly denied a new trial to determine general damages but should have set a nominal damage award in the amount of $100; (3) it was not error for the trial court to award attorney fees to the employees as they are the prevailing parties, but the amount set was error; (4) the trial court is directed to conduct further fact finding to determine the amount of attorney fees accrued at the time of the CR 68 offer, and enter judgment consistent with the terms of this opinion; and (5) the employer is not entitled to costs or attorney fees for the trial or for this appeal.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

SCHULTHEIS, A.C.J., and KURTZ, J., concur.