[No. 49075-3-I.   Division One.   November 14, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. VICTOR MATTHEW DAVID, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Janice E. Ellis, Prosecuting Attorney*, and *Seth A. Fine, David F. Thiele*, and *Mary K. Webber, Deputies*, for respondent.

¶1 PER CURIAM. — This case was remanded to us following our Supreme Court's decision in *State v. Hughes*.[1] We withdraw the former unpublished section F of *State v. David*[2] relating to the exceptional sentence and replace it with this published section C.

### C. Exceptional Sentence

¶2 David also contends that the trial court erred in imposing an exceptional sentence under RCW 9-.94A.535.[3] Recently, the Supreme Court in *Blakely v. Washington*[4] held unconstitutional an exceptional sentence that is based on facts (other than prior convictions) not found by the jury beyond a reasonable doubt. *Blakely* does not

---

[1] 154 Wn.2d 118, 134, 110 P.3d 192 (2005).

[2] 118 Wn. App. 61, 74 P.3d 686 (2003).

[3] RCW 9.94A.535 allows the court to "impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence."

[4] 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

invalidate RCW 9.94A.535 on its face, but it does provide for an as-applied challenge.[5]

¶3 None of the six aggravating factors used to lengthen David's sentence was found by the jury, and none was a prior conviction. The exceptional sentence was improper in light of *Blakely* and is reversed.

¶4 The only remaining question is the appropriate sentencing procedure on remand. To uphold the exceptional sentence, a jury would need to be empanelled to make the appropriate findings of fact. In *Hughes*, our Supreme Court determined that only the legislature may amend RCW 9-.94A.535 to require this procedure.[6] The legislature recently did so, but whether the amendment applies retroactively has yet to be decided.

¶5 We affirm the judgment and remand for resentencing.