IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79803-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL THANH DONERY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — A defendant has a constitutional right to an impartial jury. But the trial court's denial of a defendant's challenge of a juror for cause does not violate any rights of the defendant if the challenged juror does not sit on the panel, even if the defendant chose to exercise a peremptory challenge. Because neither of the jurors Michael Donery challenged for bias were seated, he fails to establish that the use of one of his peremptory challenges prejudiced his case.

Neither the Washington nor United States Constitutions require a trial court to conduct a colloquy to determine that a defendant's waiver of his right to testify is voluntary, knowing, and intelligent.

Therefore, we affirm.

FACTS

Michael Donery lived in an apartment at the United States Mission with three roommates.  One afternoon, Donery smoked methamphetamine and became paranoid.  He stabbed his roommates repeatedly, causing life-threatening injuries.

When the police arrived, they found Donery walking around outside. Donery waved the officer over, gave him the knife, and told him he stabbed his roommates in self-defense.  Donery was charged with three counts of first degree assault with deadly weapon sentence enhancements on each count.

Before voir dire, the trial court decided to select 14 jurors for the panel, including two alternates.  The court allowed each party eight peremptory challenges.  During voir dire, Donery challenged jurors 4 and 47 for cause.  The court denied both motions.  Donery exercised a peremptory challenge on juror 4. The last juror chosen from the venire was juror 45.  With one peremptory challenge remaining, Donery accepted the jury.

At trial, after the State rested, the court asked Donery if he wanted to present a case.  Donery's counsel requested a short recess.  After the recess, the defense rested.  The jury convicted Donery of two counts of first degree assault, and one count of second degree assault, with deadly weapon sentence enhancements on each count.

Donery appeals.

## ANALYSIS

### I.  Right to an Impartial Jury

Donery argues that he was denied his right to an impartial jury under article I, section 21 of the Washington Constitution and the Sixth Amendment because the court refused to dismiss jurors 4 and 47 after they demonstrated actual bias during voir dire.

We review a trial court's decision denying a for cause challenge for abuse of discretion.[1]  A trial court abuses its discretion when its decision is based on untenable grounds or reasons.[2]  We review constitutional issues de novo.[3]

The Sixth Amendment and article I, section 21 of the Washington Constitution guarantee a defendant the "right to . . . trial by an impartial jury."[4] "Actual bias provides a basis to challenge a juror for cause."[5]  A juror demonstrates actual bias when exhibiting "'a state of mind . . . in reference to the action, or to either party, which satisfies the court that the challenged person cannot try the issue impartially and without prejudice to the substantial rights of the party challenging.'"[6]  Merely equivocal answers do not require that a juror be

---

[1] State v. Guevara Diaz, 11 Wn. App. 2d 843, 856, 456 P.3d 869, review denied, 195 Wn.2d 1025, 466 P.3d 772 (2020).

[2] Id.

[3] City of Seattle v. Evans, 182 Wn. App. 188, 191, 327 P.3d 1303 (2014), aff'd on other grounds, 184 Wn.2d 856, 366 P.3d 906 (2015).

[4] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

[5] Guevara Diaz, 11 Wn. App. 2d at 855.

[6] Id. (alteration in original) (quoting RCW 4.44.170(2)).

removed when challenged for cause.[7]   Where a trial court denies a defendant's

for cause challenge and the defendant "elects to cure" by exercising a peremptory

challenge, and the defendant is later convicted by a jury in which no biased juror

sat, the defendant has not been deprived of any constitutional right.[8]  A defendant

must show prejudice from the denial of a for cause challenge, and the use of a

preemptory challenge in and of itself does not constitute prejudice.[9]

Donery argues that the court improperly denied his motion to excuse juror 4

for cause "forcing him to use an invaluable peremptory."[10]  After the court denied

his for cause challenge, Donery exercised one of his peremptory challenges to

remove juror 4 from the jury.  The defense rested with one peremptory challenge

remaining.  Because juror 4 was not seated, Donery's right to an impartial jury was

not violated.  As our Supreme Court held in State v. Schierman, the fact that a

defendant used a peremptory challenge after the court denied a defendant's for

cause challenge is not sufficient to prove that the defendant's right to an impartial

jury was violated.[11]  Donery's use of a peremptory challenge to remove juror 4 fails

to establish prejudice.

---

[7] State v. David, 118 Wn. App. 61, 70-71, 74 P.3d 686 (2003), review granted, cause remanded, 154 Wn.2d 1032, 119 P.3d 852 (2005), opinion withdrawn in part, modified in part, 130 Wn. App. 232, 122 P.3d 764 (2005).

[8] State v. Schierman, 192 Wn.2d 577, 632, 438 P.3d 1063 (2018); see also State v. Fire, 145 Wn.2d 152, 158, 34 P.3d 1218 (2001).

[9] Fire, 145 Wn.2d at 160.

[10] Appellant's Br. at 6.

[11] 192 Wn.2d 577, 632, 438 P.3d 1063 (2018); see also Fire, 145 Wn.2d at 163.

Donery also challenged juror 47 for cause.  The court denied Donery's motion.  But the last juror seated was juror 45.  Because juror 47 was not seated, Donery's right to an impartial jury was not violated.[12]

Donery contends that because article I, section 21 of the Washington Constitution provides more protection than the Sixth Amendment, we should engage in a Gunwall[13] analysis and return to the Parnell[14] rule.  The Parnell rule provided "[a] refusal to sustain challenges for proper cause, necessitating peremptory challenges on the part of the accused, will be considered on appeal as prejudicial where the accused has . . . exhaust[ed] all his peremptory challenges before the final selection of the jury."[15]  But our Supreme Court expressly abrogated Parnell and adopted the rule from United States v. Martinez-Salazar[16] that when a defendant is denied a for cause challenge and "elects to cure" by exercising a peremptory challenge, absent a showing of prejudice, no constitutional right has been violated.[17]  Further, even under the abrogated Parnell

---

[12] Because both jurors 4 and 47 were not seated, we need not address Donery's arguments that they were biased.

[13] State v. Gunwall, 106 Wn.2d 54, 720 P.2d 808 (1986).

[14] State v. Parnell, 77 Wn.2d 503, 463 P.2d 134 (1969), abrogated by Fire, 145 Wn.2d at 152.

[15] Fire, 145 Wn.2d at 159-60.

[16] 528 U.S. 304, 305, 120 S. Ct. 774, 145 L. Ed. 2d 792 (2000).

[17] Fire, 145 Wn.2d at 165.

rule, Donery's conviction would not warrant reversal because he did not "exhaust all his peremptory challenges."[18]  We need not engage in a Gunwall analysis.[19]

Donery fails to establish a violation of his right to an impartial jury.

II. Right to Testify

Donery argues that his constitutional right to testify under both the Washington and United States Constitutions was violated because the trial court failed to conduct a colloquy to ensure that Donery's waiver of his right to testify was voluntary, knowing, and intelligent.  He does not contend that he was unaware of his right to testify, that he wanted to testify, or that he was prevented from testifying.  His sole contention is that the trial court's failure to conduct a colloquy alone merits reversal.

The Fourth, Fifth, and Sixth Amendments to "[t]the United States Constitution guarantee[ ] criminal defendants the right to testify in their own defense."[20]  And article I, section 22 of the Washington Constitution provides that "[i]n criminal prosecutions the accused shall have the right . . . to testify on his own behalf."  The right to testify "is fundamental, and cannot be abrogated by defense

---

[18] Fire, 145 Wn.2d at 159-60.

[19] We note our Supreme Court in Fire observed that no Washington case has recognized a difference between the Washington right to an impartial jury and its federal counterpart. 145 Wn.2d at 163.  And in State v. Munzanreder, Division Three of this court held that the Washington right "should be interpreted as providing the same degree of protection as the parallel federal constitutional right." 199 Wn. App. 162, 174, 398 P.3d 1160 (2017).

[20] State v. Lee, 12 Wn. App. 2d 378, 387, 460 P.3d 701, review denied, 195 Wn.2d 1032, 468 P.3d 622 (2020).

counsel or by the court. Only the defendant has the authority to decide whether or not to testify. The waiver of the right to testify must be made voluntarily, knowingly and intelligently, but the trial court need not obtain an on the record waiver by the defendant.[21] "'We . . . rely on defense counsel to inform the defendant of his constitutional right to testify . . . and on the defendant's conduct in not taking the stand as a valid waiver of [the right].'"[22]

In State v. Thomas, our Supreme Court interpreting the federal constitution held, "[A] trial judge is not required to advise a defendant of the right to testify in order for a waiver of the right to be valid."[23] And in State v. Robinson, our Supreme Court noted that "[o]nly the defendant has the authority to decide whether or not to testify . . . the trial court need not obtain an on the record waiver by the defendant."[24] Further, we held in State v. Russ and most recently in State v. Lee that no formal colloquy is required to have a valid waiver of the right to testify on one's own behalf under the Washington Constitution.[25]

Donery fails to offer any compelling reason why a colloquy is required under the Washington Constitution and why we should depart from Russ and Lee. Because neither the United States nor Washington Constitutions mandates a

---

[21] Id. at 388-89.

[22] State v. Russ, 93 Wn. App. 241, 246, 969 P.2d 106 (1998), as amended on reconsideration (Jan. 12, 1999) (first alteration omitted) (alterations in original) (quoting State v. Robinson, 89 Wn. App. 530, 535, 953 P.2d 97 (1997)).

[23] 128 Wn.2d 553, 557, 910 P.2d 475 (1996).

[24] 138 Wn.2d 753, 758-59, 982 P.2d 590 (1999).

[25] Russ, 93 Wn. App. at 243; Lee, 12 Wn. App. 2d at 389.

colloquy to determine that a defendant's waiver of his right to testify is voluntary, knowing, and intelligent, Donery's arguments to the contrary are not persuasive.

Therefore, we affirm.

_____

WE CONCUR:

_____     _____