# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48127-8-II |
| Respondent, | |
| v. | |
| BRUCE EARL TOWNSEND, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Bruce Earl Townsend appeals his convictions for one count of third degree rape of a child and one count of unlawful delivery of a controlled substance—marijuana—to a person under the age of 18.  Townsend argues that his right to a fair trial was violated because the trial court denied his challenge of juror 1 for cause and admitted improper opinion testimony regarding the credibility of the minor victim.  Because the trial court did not err when it denied Townsend's challenge of juror 1, and because Townsend failed to preserve the improper opinion issue for appeal, we affirm.

## FACTS

In 2013, 15-year-old S.G.[1] spent Fourth of July weekend with her mother, sister, and her mother's boyfriend, Townsend.  On the evening of July 3, S.G. and Townsend decided to watch a movie in a tent set up on the front yard of her mother's home.  Before starting the movie,

---

[1] We use initials to identify the minor victim under this court's General Order 2011–1, which states in part, "in all opinions, orders and rulings in sex crime cases, this Court shall use initials or pseudonyms in place of the names of all witnesses known to have been under the age of 18 at the time of any event in the case."  http://www.courts.wa.gov/appellate_trial_courts.

Townsend and S.G. smoked marijuana that Townsend provided. While the movie was playing,

S.G. and Townsend fell asleep. S.G. later awoke to Townsend digitally raping her. The State

charged Townsend with one count of third degree rape of a child[2] and one count of unlawful

delivery of a controlled substance to a person under the age of 18.[3]

During jury voir dire, the parties inquired about juror 1's answers to a jury questionnaire,

which stated that she had two cousins and a friend who were sexually assaulted as children. The

following exchange took place:

> [STATE]: And specific to those people that you know were abused, you said that
> when asked if you could be fair and impartial you said I'm not sure. Have you
> thought about it more?
> [PROSPECTIVE JUROR 1]: Yeah, a little bit, I guess. Like I said, I was trying to
> make sure I was honest in saying I wasn't sure. I said I don't know the specific
> details of that. I think, not knowing that it would be easier to separate it, because I
> don't know what their details specifically were. I just know how it affected them
> later in life, so I think I might be able to—be impartially able to look at it, but again,
> I don't know 100 percent if I could be.
> [STATE]: If you got seated on this jury you—at the end you would be asked to
> decide it based on the facts that were presented through testimony, through exhibits.
> You think you would be able to separate these things that have—that you have some
> vague knowledge of with your cousins and make your decision just based on the
> evidence and not based on any of that?
> [PROSPECTIVE JUROR 1]: I think so. I served once before and we were able to
> not—not something with this but in a different case, and we were able to—I was
> able to make sure that I focused just on what evidence was actually presented . . . I
> realized the evidence just wasn't there to prove that and so we were able to kind of
> make sure we separated what there was proof of and what there wasn't.

2 Verbatim Report of Proceedings (VRP) at 67-68.

---

[2] RCW 9A.44.079(1).

[3] RCW 69.50.401(1), (2)(a), .406(1).

Defense counsel followed:

> [DEFENSE COUNSEL]: On a case of this nature, which is an allegation of child rape, you, having known, or you knowing people in your life who said they too were molested as children, am I correct in saying you feel hesitancy in whether or not you can be a fair and an impartial juror . . . ?
> [PROSPECTIVE JUROR 1]: Yeah, I would say so.
> [DEFENSE COUNSEL]: Do you think that if this case was a case involving a theft or another drug charge, you would have no doubts about whether or not you could be fair and impartial; is that right?
> [PROSPECTIVE JUROR 1]: Yes.
> [DEFENSE COUNSEL]: But right now as you sit here, because of the allegation in this case, you have doubts about whether you can be fair or impartial; is that a fair statement?
> [PROSPECTIVE JUROR 1]: Yes, possibly.
> . . . .
> [DEFENSE COUNSEL]: . . . [D]o you have concerns that somewhere in the back of your mind you may be thinking about this cousin who's had a very difficult life because of the trauma that she suffered, that somehow that might influence or color your decision? Do you have concerns that may be—that those thoughts would be in the back of your mind as you are deliberating?
> [PROSPECTIVE JUROR 1]: There's a possibility that, yeah, it would be there.

2 VRP at 69-70, 73.

On rebuttal, the State asked:

> [STATE]: . . . Would you make a decision just based on the evidence or do you think that those things would effect [sic] your decision?
> [PROSPECTIVE JUROR 1]: I would do my best to try to stick to just the evidence that's presented. Like I said, there's always thoughts that might trigger back to that if I think about it, but I would try and do my best just to stick with just the evidence that's presented and stick with the case from there.

2 VRP at 74-75.

Townsend challenged juror 1 for cause arguing, "If you can be a fair juror and you know you can be a fair juror on a different type of case but you have doubts about whether you can be on a case of this kind, then I think that's sufficient basis for cause." 2 VRP at 77. The trial court denied Townsend's motion, and juror 1 sat on the jury.

At trial, witnesses testified to the above facts. The State also called Detective Darren Moss as a witness. The State asked Detective Moss about his not contacting possible witnesses to whom S.G. disclosed the abuse:

> [STATE]: What is the point of contacting disclosure witnesses in these types of cases?
> [DETECTIVE MOSS]: To seek additional information, to look for consistency in the story.
> . . . .
> [STATE]: How—what role do these interviews play in your investigation in these types of cases?
> [DETECTIVE MOSS]: In most cases it supports the story of the victim.

6 VRP at 767-68. Townsend objected to Detective Moss's statement, arguing that what happened in most cases was not relevant to the case at hand. The trial court overruled Townsend's objection.

The jury found Townsend guilty of both counts on July 22, 2015. Townsend appeals.

## ANALYSIS

### I. CHALLENGE FOR CAUSE

Townsend first argues the trial court violated his right to a fair trial by denying his challenge to strike juror 1 for cause. We disagree.

The Sixth and Fourteenth Amendments guarantee a defendant the right to a fair trial before an impartial jury. CONST. art I, § 22; *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 30, 296 P.3d 872 (2013). Including a biased juror on the jury violates this right. *Yates*, 177 Wn.2d at 30. The trial court is in the best situation to determine whether a juror can serve impartially because it has the ability to observe the juror's demeanor and evaluate the juror's answers. *State v. Grenning*, 142 Wn. App. 518, 540, 174 P.3d 706 (2008), *aff'd*, 169 Wn.2d 47, 234 P.3d 169

(2010). Thus, we review a trial court's denial of a challenge for cause for manifest abuse of discretion. 142 Wn. App. at 540.

A party may challenge a juror for cause if the juror shows actual bias. RCW 4.44.170(2). A juror shows actual bias when she cannot put her opinions and beliefs aside for the purpose of impartiality in deciding the merits of the case. *State v. Noltie*, 116 Wn.2d 831, 839, 809 P.2d 190 (1991). To successfully challenge a trial court's decision regarding a challenge for cause on appeal, a defendant must prove actual bias by showing "'more than a mere possibility that the juror was prejudiced.'" 116 Wn.2d at 840 (quoting 14 L. Orland & K. Tegland, *Washington Practice: Trial Practice* § 202, at 331 (4th ed. 1986)). A juror's "equivocal answers alone do not require a juror to be removed when challenged for cause." 116 Wn.2d at 839. Instead, the appropriate question is "whether a juror with preconceived ideas can set them aside" and decide the case impartially based on the law and the evidence at trial. RCW 4.44.170(2); 116 Wn.2d at 839.

Townsend relies on *State v. Fire*, 100 Wn. App. 722, 988 P.2d 362 (2000), *rev'd on other grounds*, 145 Wn.2d 152, 34 P.3d 1218 (2001), to support his claim, but *Fire* is easily distinguishable. There, a juror stated, "I consider [the defendant] a baby raper, and [child rape] should just be severely punished. . . . I'm very opinionated when it comes to this kind of a crime." 100 Wn. App. at 724. Division One of this court held that the juror's statements indicated actual bias. 100 Wn. App. at 728. Further, Division One held that the prosecutor's attempt to rehabilitate the juror by asking leading questions and receiving one-word affirmative responses was insufficient. 100 Wn. App. at 728.

Unlike in *Fire*, juror 1's voir dire statements did not indicate actual bias. Instead, juror 1 expressed equivocations regarding whether she was certain she could be fair and impartial, and equivocations alone do not require that a juror be removed for cause. While juror 1 stated it was possible that her decision might be influenced by her two cousins and her friend, actual bias requires more than the mere possibility of prejudice. Juror 1 said she would do her best to decide the case based on the law and the evidence presented, rather than her vague knowledge of the assault of her cousins and her friend.

Also unlike the juror in *Fire*, juror 1 responded affirmatively to open-ended questions about her ability to be fair and impartial and decide the case on the evidence. The trial court did not base its decision on one-word responses to rehabilitative questions. Juror 1's responses during voir dire demonstrated her ability to set aside her preconceived ideas about sexual assault and her commitment to do the best that she could to consider only the evidence presented.

The trial court determined that juror 1's answers on voir dire did not manifest actual bias. Because juror 1 did not show actual bias, the trial court was within its discretion in denying the challenge for cause. Therefore, the trial court did not manifestly abuse its discretion by denying Townsend's challenge of juror 1 for cause.

## II. OPINION TESTIMONY

Townsend next argues his rights to fair trial and trial by jury were violated because Detective Moss gave improper opinion testimony regarding S.G.'s credibility. The State contends Townsend waived this issue because it was raised for the first time on appeal and is not a manifest constitutional error. We agree with the State.

A defendant may assign evidentiary error on appeal only on the specific ground made at trial. *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). Generally, we will not consider an issue raised for the first time on appeal. RAP 2.5(a); *Kirkman*, 159 Wn.2d at 926. A defendant may, however, raise a claim of error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *Kirkman*, 159 Wn.2d at 926. To demonstrate manifest error, the defendant must show actual prejudice by identifying a constitutional error and showing that the alleged error actually affected his rights at trial. *Kirkman*, 159 Wn.2d at 926-27. If we determine the claim raises a manifest constitutional error, it may be subject to a harmless error analysis. 159 Wn.2d at 927.

To determine if the defendant claims a manifest constitutional error, we preview the merits of the defendant's claim to see if it would succeed. *State v. Kirwin*, 165 Wn.2d 818, 823, 203 P.3d 1044 (2009). It is generally improper for a witness to offer testimony concerning the credibility of another witness. *State v. Demery*, 144 Wn.2d 753, 764, 30 P.3d 1278 (2001). Such testimony is unfairly prejudicial to a defendant and may be reversible error because it invades the exclusive province of the jury. 144 Wn.2d at 764. A law enforcement officer's testimony regarding the credibility of another witness may be especially prejudicial because "an officer's testimony often carries a special aura of reliability." *Kirkman*, 159 Wn.2d at 928. A showing that improper witness testimony constitutes manifest error requires an explicit or almost explicit statement by a witness that he believed the accusing victim. 159 Wn.2d at 936.

Here, Detective Moss testified that he routinely interviews disclosure witnesses as part of an investigation in order to determine the consistency of a victim's story. Detective Moss also

stated that these interviews typically corroborate a victim's story. Townsend objected to Detective Moss's testimony on grounds of relevance.

Townsend relies on *Kirkman* to argue that a similar statement was held to be an improper, explicit statement of the witness's credibility. 159 Wn.2d at 918. Townsend is mistaken; *Kirkman* is analogous to this case.[4] In *Kirkman*, a detective testified about the competency protocol he administered to a victim, which showed the victim was able to distinguish between the truth and a lie. 159 Wn.2d at 930. The Washington Supreme Court determined the testimony was simply an account of the interview protocol the detective used, and the detective *did not* make a statement regarding whether he believed the victim was telling the truth. 159 Wn.2d at 931. Ultimately, the court held that it is not a manifest constitutional error to admit opinion testimony that indirectly relates to a victim's credibility. 159 Wn.2d at 922.

Here, Detective Moss similarly testified about the procedure of his investigation. Detective Moss simply stated that he contacts disclosure witnesses so that he can determine whether a victim's story is consistent. In addition, Detective Moss testified that interviews with disclosure witnesses support the story of the victim in most cases. Detective Moss did not make an explicit or almost explicit statement regarding whether he believed S.G. was telling the truth. Further, Detective Moss's testimony that the interviews support the story of the victim in most cases was a general statement and was

---

[4] Townsend actually quotes *State v. Schultz*, noted at 141 Wn. App. 1017, 2007 WL 3138050 (2007), rather than *State v. Kirkman*, to support his analysis. In *Schultz*, Division One of this court held that a detective's statement that a victim "seemed to be pretty honest" was an explicit statement concerning the victim's credibility. 2007 WL 3138050, at *9.

not specific to S.G.  Because Detective Moss did not make an explicit or almost explicit statement about S.G.'s credibility, the admission of his opinion testimony was not a manifest constitutional error.  Therefore, Townsend waived this point of appeal.

We affirm Townsend's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, A.C.J.

Melnick, J.